```
 1  SEAN P. PATTERSON, Esq.                    ELECTRONICALLY FILED
    STATE BAR NUMBER 5736                            11-18-09
 2  232 Court Street
    Reno, Nevada 89501
 3  (775) 786-1615

 4  Attorney for Debtors
```

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

\* \* \*

```
IN RE:                         Case No.  BK-N-09-51087-GWZ
    YON CHU LAN                       (Chapter 13)
    JOSEFINA LAN               OPPOSITION TO DISMISSAL
                               Hearing Date: 6-12-09
                               Hearing Time: 2:00 p.m.
                               Time Required: 5 Minutes
              Debtors.
_____/
```

COMES NOW, the debtors, by and through their attorney, Sean P. Patterson, Esq. and oppose the HSBC Bank USA's (hereinafter "Movant") Motion for Relief from Stay. This opposition is brought pursuant to the Points and Authorities included herein, and on further oral argument of counsel as may be presented at the time of hearing.

1

## POINTS AND AUTHORITIES

### I. FACTS

This case was filed on or about April 15, 2009. The plan was filed on the same day. The case was filed to allow the debtors to reorganize their unsecured debt, and "strip" the second mortgage off their residence. The plan was confirmed on July 24, 2009.

The debtors have had income problems since the case was filed. The debtors work in the Casino business, and they have lost some hours since the case was filed. The debtors are trying to do a "workout agreement" with this creditor.

This is Mr. & Mrs. Lan's personal residence. The debtors are not selling this house, they are sincerely trying to save this house.

### II. LEGAL ARGUMENT

To obtain relief under 11 USC §362(d)(1) the court can grant relief for "cause". The Bankruptcy Code is silent with respect to the definition of "cause". However, courts have held that "cause" can be demonstrated by a debtor's continued failure to make payments to a secured creditor. <u>In re Wright, Egan, & Associates</u>, 60 B.R. 806, 807 (E.D. Pa. 1986); <u>In re Smith</u>, 94 B.R. 216 (Bankr. M.D. Ga. 1988).

To obtain relief under 11 U.S.C. §362(d)(2) a creditor must make a **prima facia** (emphasis added) case that (1) the property is over-encumbered, and (2) it is not necessary for an effective reorganization. <u>In re Elmore</u>, 94 B.R. 670 (Bkrtcy C.D. Cal. 1988). A debtor's principal residence in a Chapter 13 case is virtually always necessary to an effective reorganization... if the home is

not saved, the reorganization is not effective.  Elmore at 673.

As to the §362(d)(1) argument, counsel has confirmed that the debtor are not current on the payments.  However, the debtors related to counsel that they are trying to do a workout agreement on this mortgage.  Counsel shall provide proof of this fact when he receives it from the debtors.

This property is the Lan's residence.  The debtors do not have equity in the property.  Nevertheless, the bankruptcy was filed to protect the residence.  The debtors would like to avoid the cost of a foreclosure and lose their residence.

A secured claim holder has the burden of proving the reasonableness of its fee claim, whether under §506(b) or under §1322.  In re Atwood, 293 B.R. 227, 233 (9th.Cir.BAP 2003).  The creditor has failed to provide any evidence of attorney time in its motion.  Thus, any attorneys fees requested in this motion should be disallowed.

The creditor can not make as Prima facie case that this property is over-encumbered **and** that it is not effective for a reorganization.  For the reasons aforementioned, the debtor asks that the Motion be denied and the attorneys fees and costs denied.  In the alternative, continue this motion for 60 days to allow the debtors to do a workout agreement with this creditor.

//
///
////
/////
//////

3

In the event that the court does not deny this motion, that an order of "Adequate Protection" be entered into by the court. The debtors would like 6 months to bring the post-petition payments current with this creditor.

Respectfully Submitted this  18th  day of November, 2009.

/s/ SEAN P. PATTERSON, ESQ.
SEAN P. PATTERSON, Esq.

CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, Rule 5(b), I hereby certify that I am an employee of the law firm of **SEAN P. PATTERSON**, 232 Court Street, Reno, Nevada 89501; and that on this date, I mailed a true and correct copy of the foregoing document via the United States mail, postage prepaid to:

Yon & Josefina Lan
1475 Hagar Rd.
Reno, NV. 89506

This document was sent via electronic mail to:

William Van Meter
c13ecf@nvbell.net

Gregory L. Wilde, Esq.
Attorney for HSBC
bk@wildelaw.com

DATED:  November 18, 2009           .

/s/ Sean P. Patterson
SEAN P. PATTERSON, ESQ.